Filed 3/23/22  P. v. Mendoza CA2/8
Opinion following transfer from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B307382 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA396381) |
| v. | |
| JOHNNY MENDOZA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Charlaine F. Olmedo, Judge.  Affirmed.

Kathy R. Moreno, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Noah P. Hill, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

In 2013, defendant was charged with two counts of first degree murder (Pen. Code, § 187, subd. (a)), one count of attempted murder (§ 187, subd. (a), § 664) and one count of assault with a firearm (§ 245, subd. (a)(2)). Lying in wait, gang and multiple-murder special-circumstance allegations were alleged as to both murder counts (§ 190.2, subd. (a)(3), (15) & (22)). Firearm use and gang allegations were alleged as to all counts (§ 12022.5, § 12022.53, § 186.22).

The charges arose from a series of acts by defendant and his fellow Cypress Park gang member and codefendant, Albert Arzate. Defendant and Arzate ambushed two brothers and their cousin who were walking down the street in a rival gang neighborhood. The two brothers were shot at close range and killed. Their cousin was shot several times and seriously wounded but survived. Defendant and Arzate also assaulted and threatened a fourth victim—the girlfriend of a fellow gang member who was incarcerated at the time. They accused her of cheating on their friend with a rival gang member. (*People v. Arzate* (Sept. 29, 2016, B259259) [nonpub. opn.])

Defendant was found guilty on all four counts. The jury found true all three special circumstance allegations as to both murders and also found true the gang allegations. The jury found not true the allegation that defendant personally used a firearm in the commission of the offenses. Codefendant Arzate was also convicted on all counts, including a fifth charge for making criminal threats against their female victim. The jury found true the firearm use allegations as to Arzate. (*People v. Arzate*, *supra*, B259259.)

2

Defendant was 17 at the time the crimes were committed. Prior to imposing sentence, the trial court conducted a hearing pursuant to *Miller v. Alabama* (2012) 567 U.S. 460. Thereafter, the court sentenced defendant to consecutive terms of life without the possibility of parole on each of the murder counts, plus a determinate term of 18 years.

In an unpublished decision, we affirmed defendant's and Arzate's convictions. (*People v. Arzate, supra*, B259259.)

After the passage of Senate Bill 1437 (2017–2018 Reg. Sess.) in 2018, defendant filed a petition for resentencing pursuant to Penal Code section 1170.95 requesting the appointment of counsel and resentencing on the grounds he was not the actual killer. Section 1170.95 was enacted as part of the legislative changes effected by Senate Bill 1437 and became effective January 1, 2019. (Stats. 2018, ch. 1015, § 4.) The People filed a response opposing defendant's petition.

On August 5, 2020, the trial court summarily denied defendant's petition without appointing counsel. The trial court concluded defendant had not stated a prima facie case for relief under the statutory scheme. Defendant appealed.

In our original decision, we affirmed the denial of defendant's petition. (*People v. Mendoza* (May 3, 2021, B307382) [nonpub. opn.].)

Defendant filed a petition for review asking the Supreme Court to grant review because this case raised the same issues then pending before the Court, that is whether the superior court may consider the record of conviction in resolving whether a defendant has made a prima facie showing for resentencing eligibility, whether the defendant has a right to appointed counsel upon the filing of a petition, and whether Penal Code

3

section 1170.95 applies to attempted murder convictions. On July 14, 2021, the Supreme Court granted review.

While this case was pending in the Supreme Court, the Court issued its decision in *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*) and the Legislature passed Senate Bill 775 (2021–2022 Reg. Sess.) which amended the language of Penal Code section 1170.95 by, among other things, expanding the scope of the resentencing provision to include individuals who had been convicted of attempted murder under a natural and probable consequences theory. (§ 1170.95, subd. (a), as amended by Stats. 2021, ch. 551, § 2.)

On January 26, 2022, the Supreme Court transferred this case to us with directions to vacate our decision and reconsider the matter in light of the passage of Senate Bill 775 and *Lewis*, *supra*, 11 Cal.5th 952. Respondent filed supplemental briefing, but defendant did not. Having vacated our original decision and reconsidered the issues presented in light of the new legislation and *Lewis*, we again affirm the denial of defendant's petition.

## DISCUSSION

The Supreme Court concluded in *Lewis* "that the statutory language and legislative intent of [Penal Code] section 1170.95 make clear that petitioners are entitled to the appointment of counsel upon the filing of a facially sufficient petition (see § 1170.95, subds. (b), (c)) and that only after the appointment of counsel and the opportunity for briefing may the superior court consider the record of conviction to determine whether 'the petitioner makes a prima facie showing that he or she is entitled to relief.' (§ 1170.95, subd. (c).)" (*Lewis*, *supra*, 11 Cal.5th at p. 957.)

*Lewis* also instructs that the failure to appoint counsel upon the filing of a facially compliant petition is "state law error only," subject to harmless error analysis under *People v. Watson* (1956) 46 Cal.2d 818. (*Lewis, supra,* 11 Cal.5th at pp. 957–958, 972–973.) "[A] petitioner 'whose petition is denied before an order to show cause issues has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing." ' " (*Id.* at p. 974.)

Our task is to determine whether the trial court's summary denial without appointing counsel was harmless. We conclude that it was.

As we recently explained, "the error in failing to appoint counsel is harmless only if we can determine that the record of conviction ' " 'contain[s] facts refuting the allegations made in the petition.' " ' " (*People v. Mejorado* (2022) 73 Cal.App.5th 562, 572, quoting *Lewis, supra,* 11 Cal.5th at p. 971.)

The record of conviction here, including our prior opinion, refutes defendant's eligibility as a matter of law. Defendant was prosecuted as a direct aider and abettor in the shootings. The jury was not instructed on felony murder or natural and probable consequence theories. In finding defendant guilty, the jury found true the lying-in-wait special circumstance allegation as to both murders. In so doing, the jury necessarily found defendant acted with the intent to kill. (*People v. Sandoval* (2015) 62 Cal.4th 394, 416 [" 'Lying in wait is the functional equivalent of proof of premeditation, deliberation, and intent to kill.' "].) The attempted murder occurred as part of the same shooting incident in which defendant and Arzate were found by a jury to have

intentionally ambushed the three men.  Defendant is therefore ineligible for resentencing as a matter of law and the court's failure to appoint counsel was harmless.

## DISPOSITION

The order denying defendant's resentencing petition is affirmed.


GRIMES, Acting P. J.


WE CONCUR:



STRATTON, J.



WILEY, J.

6